UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROSARIO DE LA ROSA,

                              Plaintiff,

                                        21-CV-4051 (JPO) (SN)

       -against-                     **STIPULATION AND**
                                        **PROTECTIVE ORDER**

NEW YORK CITY DEPARTMENT OF
EDUCATION; CITY OF NEW YORK;
YECENIA DELAROSA,

                              Defendants.
-----------------------------------------------------------X

      **WHEREAS**, the parties to this action have sought certain documents and/or information from each other in discovery in this action, documents which the parties deem to be confidential; and

      **WHEREAS**, the parties object to the production of those documents unless appropriate protection for the confidentiality of the information contained therein is assured; and

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, as follows:

      1.    As used herein, "Confidential Materials" shall mean all materials relating to personnel of the Department of Education and/or the City of New York who are not plaintiffs in this action, including, but not limited to, (a) personnel files including the information contained therein including, but not limited to, information regarding salary, promotions, discipline and evaluations; (b) copies of any materials containing information about the discipline of any personnel of the New York Department of Education and/or the City of New York who are not

plaintiffs in this action, including, but not limited to, copies of investigation files, disciplinary files, Equal Employment Opportunity Office files, including the information contained therein; (c) medical files, psychological or psychiatric files, counseling or treatment files, early intervention file; (d) any materials that the Parties agree are subject to this order; (e) any documents that the Court directs to be produced subject to this order; and (f) any deposition testimony which reveals the contents of materials produced subject to this order.  Materials not relating to any specific, or identifiable, individual, employee or personnel of the New York Department of Education and/or the City of New York, such as rules, regulations, policies shall not be deemed "Confidential Materials" unless confidential status is necessary for reasons of safety or security or otherwise required by law.

    2.    Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

    3.    Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a.    Disclosure may be made only if reasonably necessary to the preparation or presentation of plaintiff's case in this action.

    b.    Disclosure before trial may be made only to: i) the plaintiff; ii) to an expert who has been retained or specially employed by plaintiff's attorneys in anticipation of litigation or preparation for this action; iii) to a witness at deposition; iv) attorneys with whom plaintiff's attorney may consult concerning this case; v) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing them to

testify;  vi) persons having prior knowledge of the documents or confidential information contained therein;  vii) the Court or Court officials involved in this action, including court reporters;  viii) persons designated by the Court in the interest of justice; and,  ix) upon such terms as the Court may deem just and proper.

    c.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or Court officials involved in this action), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.  The signed consent shall be retained by plaintiff's attorney.  Within ten days of any disclosure plaintiff's attorney shall provide Defendants' attorney a copy of the executed consent form annexed hereto as Exhibit A, along with a log of all persons to whom the confidential information was disclosed, identifying also the confidential information disclosed.  The disclosing attorney shall also certify that a good faith basis for the disclosure exists.

4.    Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page

prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5.  Plaintiff may apply to the Court for a ruling that a materials (or a category of materials) designated as confidential is not entitled to such status and protection. Defendants shall be given notice of the application and shall have an opportunity to respond. Plaintiff must show by a preponderance of the evidence that good cause exists why the materials should not remain confidential.

6.  Plaintiff shall, not less than fifteen (15) business days before filing in this Court any paper which incorporates any Confidential Materials or reveals the contents thereof, notify Defendants of plaintiff's intent to incorporate Confidential Materials or otherwise reveal their contents in a document to be filed with this Court and shall identify with particularity what Confidential materials plaintiff intends to incorporate or otherwise reveal. After such notification Defendants shall have ten (10) business days to move this Court for an order to have those portions of the papers which incorporate Confidential Materials or otherwise reveal their contents placed under seal. Until the Court rules on Defendants' motion to seal any papers which incorporate Confidential Materials or otherwise reveal their contents, plaintiff shall not file such papers with the Court.

7.  Within 30 days after the termination of this case, including any appeals, whether by settlement or final decision of the Court of last resort, all copies of any confidential materials, or documents or materials containing confidential information, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to Defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such

materials shall verify their return or destruction by affidavit furnished to Defendants' attorneys. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

8. The parties reserve their rights to seek the admission at trial of materials designated as confidential. Procedures for seeking admission and admitting at trial materials designated as confidential shall be established by the parties and proposed to the Court, or imposed by the Court prior to trial.

9. Nothing in this Stipulation and Protective Order shall be construed to limit Defendants' use of the Confidential Materials in any manner.

10. The Parties agree to the following regarding production of Protected Material:

    a. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that information in this action.

    b. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving

      Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state on a privilege log pursuant to FRCP 26(b)(5)(A)(ii), the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document) and the basis for the claim of privilege or protection.

c.   This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

d.   Upon receiving a Clawback Demand, the Receiving Party shall within five (5) business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it. The Receiving Party shall provide written assurance of these actions within five (5) days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within five (5) business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

e. If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

f. If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed). The motion shall not assert as a ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privileged log, or any portion of the document that the parties agree is not Protected Material).

g. The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand. Disclosure of Protected Material before a

       Receiving Party receives a Clawback Demand shall not be a violation of this Order.

    h.    The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests the Producing Party's claim that it is Protected Material.

11.    This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties. Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

12.    Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

13.    A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

14.    The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

    Nothing in this Stipulation and Protective Order shall limit the Defendants' own use of its Confidential Materials.

Dated:      New York, New York
            November 9, 2022

**ROSARIO M. DE LA ROSA**
P.O. Box 381
Trenton, NJ 07670
mireyadlrs@gmail.com
(201) 227-1415

_____
Rosario M. De La Rosa

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 2-171
New York, New York 10007
(212) 356-5031

_____
Rachel M. DiBenedetto
Assistant Corporation Counsel

So ordered.

11/10/2022

_____
J. PAUL OETKEN
United States District Judge

# EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the Southern District of New York, on November __, 2022, in the action entitled <u>De La Rosa v. New York City Dep't of Educ., et al</u>, understands its terms and agrees to be bound by it. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this action, and will not further disclose the Confidential Materials except in testimony taken in this action. The undersigned voluntarily submits to the personal jurisdiction of the Southern District of New York, for purposes of the enforcement of the above-cited protective order and the imposition of any sanctions for contempt of that order.

DATED: _November 8_, 20_22_

_____
SIGNATURE

Rosario-Mireya De La Rosa
Print Name

Former/Retired Assistant Principal
Occupation

STATE OF _New Jersey_    :
                         : ss:
COUNTY OF _Bergen_       :

On _November 9_ 20_22_, before me personally came _Rosario-M. De La Rosa_, to me known, and known, and duly acknowledged to me that he/she executed this document.

KENNETH E POTTS
Notary Public, State of New Jersey
My Commission Expires Mar 6, 2027

_____
Notary Public

- 10 -